### Application of FLORIDA BRIDGE CO. (No. 2).

Railroad & Public Utilities Commission.

June 1, 1955.

Earl D. Farr, Punta Gorda, for applicant.

William H. Carmine, Jr., Fort Myers, state representative from Lee County, in the interest of Lee County and Boca Grande.

John M. Hathaway, Punta Gorda, state representative from Charlotte County, representing William Presley of Boca Grande.

Norris McElya, Miami, for Ruth McElya, Witt McElya, and in person, protestants.

Chairman WILBUR C. KING and commissioners JERRY W. CARTER and RICHARD A. MACK participated in the disposition of this case.

BY THE COMMISSION.

The Florida Bridge Co., a corporation organized under the laws of this state, has filed its application with this commission for authority to charge the rates and tolls set out therein.

On May 8, 1952 this commission entered its order #1789 wherein the bridge company was granted a franchise which authorized the construction, maintenance and operation of a toll bridge and related causeways between Placida and Gasparilla Island across Gasparilla Sound in Charlotte County. The toll bridge and related causeways authorized by the franchise, when completed, will be approximately 1.68 miles in length and will not exceed, with approaches, 4½ miles in length—and are therefore subject to the provisions of section 347.08, Florida Statutes 1953, relating to the fixing of tolls by this commission.

The commission held a public hearing on the application on March 17, 1955 in Punta Gorda. The evidence received indicates that the traffic which will use the toll bridge and related causeways will be of the following types, and the company seeks authority to charge the tolls and rates as shown opposite each such type or class of traffic—

| TYPE TRAFFIC | BASE CHARGE | ADDITIONAL PASSENGERS, EACH |
|---|---|---|
| A. Automobile and driver | $ .75 | $ .10 |
| B. Auto truck and driver | 1.50 | .10 |
| C. Auto truck and driver over two tons, factory rated capacity | .50 per ton | .10 |
| D. Motorcycle and rider | .25 | .10 |
| E. Bicycle and rider | .10 | .10 |
| F. Foot passengers | .10 | |
| G. Horse and rider | .25 | |
| H. Single team and driver | .50 | .10 |
| I. Double team and driver | .75 | .10 |
| J. Loose horses and stock cattle | .20 per head | |
| K. Bus | Reasonable | |
| L. Automobile trailer | Reasonable | |

The company has made a survey of the estimated traffic which, at best, will use the facilities when completed. Based on the survey, the record shows that approximately 18,000 passenger cars and 4,250 trucks will use the bridge annually. The company further estimates that the passenger cars will average from two to three people each and the trucks from one to two persons per vehicle. Based on the proposed schedule of rates and charges, the company estimates that its gross earnings for the first full year of operation will be $47,350, and that its operating expenses will be $26,326.

The total investment in the facilities is estimated at $842,038. After paying the operating expenses the company would have, based on the estimated revenues, a surplus of approximately $21,000 for debt service and a return on the company's investment. Obviously this will not give the company, during the first year or so of the operation, anything like a fair return on its investment—but the company believes that the revenues will increase because of increased use of the facilities brought about by the rapid growth of the section which it will serve.

The rates proposed by the applicant are the maximum rates allowed under section 347.08, Florida Statutes 1953, and in the opinion of the commission must be allowed on an experimental basis, at least for the first full year's operation of the toll bridge and causeways. After one full year's experience has been attained, it will then be possible to fix a permanent schedule of rates. In the meantime the maximum rates allowed by the statute will not be fully compensatory so far as the company is concerned, but will be reasonable from the standpoint of the public using the facilities.

The applicant has not proposed specific rates for buses and automobile trailers, but has requested the commission to fix reasonable charges for such traffic. Testimony herein indicates that a rate of $2 for each bus and $2 for each trailer, plus 10c for each passenger, would be reasonable as experimental rates.

Based on the record herein, the commission finds that the rates and charges proposed in the application as set out in this order will be fair and reasonable for the first full year's operation, further that a rate of $2 for each bus and $2 for each trailer plus 10c for each passenger traveling in such vehicles will likewise be fair and reasonable as experimental rates for the first year's operation.

It is therefore ordered that the application be and the same is hereby granted and the applicant Florida Bridge Co. is authorized

to charge the rates set out herein for the first full year's operation of its toll bridge and related causeways, as previously described in this order.